UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

**NICOLA BLAINE**, an individual,

    Plaintiff,

-vs-                                        CIVIL CASE NO.

                                              U.S. DISTRICT JUDGE:

**JOSEPH H. LUPLOW**, an individual,
and **JOSEPH H. LUPLOW,
ATTORNEY AT LAW, P.C.**, a Michigan
Professional Corporation,

    Defendants.

_____/

## **COMPLAINT**

The Complaint of NICOLA BLAINE by his attorney, Daniel P. Finley, is as follows:

### **INTRODUCTION**

1. This is an action for damages and declaratory relief, by an individual consumer against debt collectors for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251 et seq., and Article 9 of the Michigan Occupational Code, M.C.L. § 339.901 et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### **JURISDICTION AND VENUE**

2. As Plaintiff is and was a resident of Adrian, MI (Lenawee County) at the time of the conduct that gave rise to this cause, jurisdiction of this Court arises, inter alia, under U.S.

1

Const., Art. III; 15 U.S.C. §1692k(d) of the FDCPA; 28 U.S.C. §1331 (federal question); 28 U.S.C. §1367 (Supplemental jurisdiction over closely-related state law claims); and under 28 U.S.C. §2201 (declaratory relief to declare violations of the FDCPA and MCPA). Venue in this judicial district is proper because the conduct or collection activities at-issue took place in, Adrian, MI (Lenawee County).

3. This Court also has jurisdiction of the subject matter of this lawsuit pursuant to 15 U.S.C. §1681p.

## PARTIES

4. Plaintiff NICOLA BLAINE ("MR. BLAINE") is a natural person presently and at all relevant times of this lawsuit residing in the State of Michigan, County of Lenawee, City of Adrian.

5. MR. BLAINE is a "consumer" within the meaning of the FDCPA, 15 U.S.C. §1692 et seq.

6. MR. BLAINE is a "person" as the term is defined and used in the MCPA, MCL §445.251 et seq., and in MCL §339.901 et seq.

7. Defendant JOSEPH H. LUPLOW ("ATTORNEY LUPLOW") is a nature person believed to be residing in Bay County, MI.

8. ATTORNEY LUPLOW at all relevant times of this lawsuit is and was a "debt collector" within the meaning of the FDCPA, 15 U.S.C. §1692 et seq., because he is an attorney who regularly attempts to collect consumer debts asserted to be due another.

9. ATTORNEY LUPLOW at all relevant times of this lawsuit is and was a "regulated person" within the meaning of MCPA, MCL § 445.251 et seq.

10. Alternatively, ATTORNEY LUPLOW at all relevant times of this lawsuit is and was a "collection agency" and a "licensee", as these terms are defined and used in MCL § 339.901 et seq.

11. Defendant JOSEPH H. LUPLOW, ATTORNEY AT LAW, P.C. ("LAW FIRM") is a Michigan professional service corporation, doing business at 314 N. Michigan Ave., Ste 4, Saginaw, MI 48602.  The registered agent for LAW FIRM is ATTORNEY LUPLOW.

12. LAW FIRM at all relevant times of this lawsuit is and was a "debt collector" within the meaning of the FDCPA, 15 U.S.C. §1692 et seq.

13. LAW FIRM at all relevant times of this lawsuit is and was a "regulated person" within the meaning of MCPA, MCL § 445.251 et seq.

14. Alternatively, LAW FIRM at all relevant times of this lawsuit is and was a "collection agency" and a "licensee", as these terms are defined and used in MCL § 339.901 et seq.

**GENERAL OR COMMON ALLEGATIONS**

15. ATTORNEY LUPLOW sent a letter dated August 30, 2016 to MR. BLAINE, identifying himself as "outside counsel" for creditor OUTDOOR ADVENTURES, INC. ("CREDITOR") and threatening to file a lawsuit under the terms of the contract between MR. BLAINE and CREDITOR, which provides, inter alia, that suit be filed in Saginaw County, MI.

-[Exhibit 1: 08/30/2016 collection letter]-

16. The contract at-issue was signed by MR. BLAINE, on 06/24/2015, in Lenawee County, MI.

-[Exhibit 2: 06/24/2015 creditor contract]-

17. Although the contract with the CREDITOR had a boilerplate choice-of-venue provision, at no time did ATTORNEY LUPLOW or his LAW FIRM request or obtain any waiver of the venue requirement under the FDCPA from MR. BLAINE.

18. On February 1, 2017, ATTORNEY LUPLOW and LAW FIRM filed a lawsuit against MR. BLAINE on behalf of CREDITOR, in the State of Michigan's 74th Judicial District Court, located in Bay City, Michigan, and assigned civil case number 17 – 6234 – GC.

-[Exhibit 2: Collection lawsuit]-

19. In the state collection lawsuit between Creditor and MR. BLAINE, Defendant ATTORNEY LUPLOW, referred to himself as "Plaintiff's collection Attorney".

20. As of February 2, 2017, the commencement of the State collection lawsuit, MR. BLAINE'S residence is and was located in Adrian, MI.

21. Per the Michigan statutes, being MCL 600.1621, .8312 et al., regarding the geographical jurisdiction of the Michigan State district courts, the 2A District Court, located in Adrian, MI, would have been the proper venue under the FDCPA to file the collection suit against MR. BLAINE.

22. A default Judgment was taken against MR. BLAINE in the 74th District Court case, referenced *supra.*

23. This Court has an interest in ensuring that the remedial purposes of the federal statutes.

24. The remedial purpose of the FDCPA, inter alia, is to protect the debtor from inconvenient and distant forums.

25. Section 811 of the FDCPA, found at 15 U.S.C. § 1692i, legal actions by debt collector, at sub-part (2), clearly states that there are only two districts where suit may be brought by a debt collector on a debt – where the consumer "signed the contract sued upon" or where the consumer "resides at the commencement of the action". The FDCPA prohibits a debt collector from filing suit on a debt in an inconvenient forum. *Asset Acceptance Corp. v. Robinson*, 625 N.W.2d 804 (Mich App 2001).

26. The term "judicial district" as applied to state-court debt collection actions, is defined in accordance with the judicial system of the state in which the debt collection action is brought. *Hess v. Cohen & Slamowitz L.L.P.,* 637 F.3d 117, 121-125 (2d Cir 2011); *Dutton v. Wolhar,* 809 F. Supp. 1130 (D. Del. 1992), *aff'd,* 5 F.3d 649 (3rd Cir 1993).

27. When suit is filed in state court, the state court geographical boundaries, rather than federal districts, are determinative of appropriate venue. *Fox v. Citicorp Credit Servs., Inc.*, 15 F3d 1507 (9th Cir 1994); *Nichols v. Byrd*, 435 F. Supp 2d 1101 (D. Nev. 2006).

28. The FDCPA "preempts state law for venue purposes" and is a strict liability statute. *Holton v. Huff,* 2012 WL 1354024 (M.D. Pa. Apr. 16, 2012).

29. 15 USC 1692i "has the effect of invalidating any forum-selection clause that the parties to a debt contract might agree to" *In re Barnes*, 397 B.R. 149 (Bankr. N.D. Ala. 2008); and see *Brown v. Federated Capital Corp.*, 991 F. Supp. 2d 857, (S.D. Tex. 2014) (reasoning that to use the venue selection clause that gave rise to the misconduct in the first place only rewards the violation of federal law and frustrates the Congress's policies).

30. A purported waiver in the contract between the debtor and creditor is not a waiver by the consumer directly to the debt collector and therefore the forum restriction applies to actions brought by the debt collector. See Informal FTC Staff letter, dated April 12, 1995, by Regional Director Chargles A. Harwood, which, moreover, makes clear that even if a debt collector does obtain a waiver from the debtor, that the debtor collector cannot, as a valid practice, use boilerplate venue waivers to systematically circumvent Section 811.

31. In the aforementioned letter, Director Harwood explains that the FTC posits that waivers of Section 811 are only appropriate where the consumer knowingly and without coercion seeks or agrees to suit in a forum *more* convenient to the consumer than those prescribed by Section 811.

32. The fact that MR. BLAINE neither appeared or entered any defenses to the state Court collection suit is irrelevant for purposes of enforcing his rights under the FDCPA. See *Canady v. Wisenbaker Law Offices, P.C.,* 372 F. Supp. 2d 1379 (N.D. Ga. 2005).

33. The threat of filling in an improper venue violates 15 U.S.C. § 1692e(5) by threatening

action that legally could not be taken. *Wiener v. Bloomfield,* 901 F. Supp. 771 (S.D.N.Y. 1995); Halverson, FTC Informal Staff Letter (Nov. 15, 1993).

34. As an actual and proximate result of the acts, conduct and/or omissions of Defendants, MR. BLAINE has suffered economic damages, and non-economic damages, including, inter alia, emotional distress, mental anguish, and/or disturbance of mental tranquility, and is suffering for which should be compensated in an amount to be established by a trier of fact at a trial in this matter.

35. Although the collection letter at-issue, Exhibit 1, did not explicitly state where the lawsuit would be filed, it nevertheless, advised that a lawsuit would be filed under the contract, which was incorporated by reference. That contract called for suit to be filed in a distant forum. Therefore, a reasonable interpretation of that letter is a threat to file suit in an inconvenient forum.

36. Taking into account the "least sophisticated consumer" standard applied to FDCPA jurisprudence, the letter can reasonably be understood to mean that a lawsuit was going to be filed where the lawsuit ended up being filed – in Bay City, MI, a distant and inconvenient forum.

**COUNT 1 – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

37. MR. BLAINE re-alleges and incorporates by reference all of the above paragraphs.

38. By virtue of the foregoing facts, and in its attempts to collect the alleged debt from MR. BLAINE, the Defendants have committed violations of the Fair Debt Collection Practices

Act, 15 U.S.C. §1692 et seq., including, inter alia, the following:

a. Where debt collector brought legal action on a debt against consumer, failure to bring such action only in the judicial district or similar legal entity: (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action. 15 U.S.C. § 1692i;

b. Threatening to take any action that cannot legally be taken. 15 U.S.C. § 1692e(5);

c. Using any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e (8);

d. Using unfair and unconscionable means to collect or attempt to collect a debt. 15 U.S.C. §1692f; and,

e. Engaging in harassing, oppressive or abusive conduct. 15 U.S.C. §1692d.

## COUNT 2 –VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT, MCL §445.251 et seq.

39. MR. BLAINE re-alleges and incorporates by reference all of the above paragraphs.

40. As noted previously, this Court has supplemental jurisdiction, as set forth in 28 U.S.C. §1367, to hear state law claims closely related to MR. BLAINE'S FDCPA claim, and the evidence on both claims are the same.

41. By virtue of the foregoing facts, Defendants have violated M.C.L. §445.251 et seq., including, inter alia, the following:

    a)    Defendants violated M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

    b)    Defendants violated M.C.L. § 445.252(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened and (ii) the legal rights of a debtor; and

    c)    Defendants violated M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

## COUNT 3 – VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE, MCL §339.901 et. seq.

42. MR. BLAINE re-alleges and incorporates by reference all of the above paragraphs.

43. As noted previously, this Court has supplemental jurisdiction, as set forth in 28 U.S.C. §1367, to hear state law claims closely related to MR. BLAINE'S FDCPA claim, and the evidence on both claims are the same.

44. Defendant LAW FIRM is a collection agency within the meaning of MCL 339.901(b).

45. Defendant LUPLOW is a collection agency manager within the meaning of MCL 339.901(c).

46. By virtue of the foregoing facts, Defendants have violated MCL §339.901 et seq., Defendants' violations include, inter alia, the following:

    a)    Defendants violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b) Defendants violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened and (ii) the legal rights of a debtor; and,

c) Defendants violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**WHEREFORE,** Plaintiff NICOLA BLAINE respectfully requests that judgment be entered for Plaintiff and against Defendants, providing for the following relief:

A. Damages pursuant to 15 U.S.C. §1692k, MCL §445.257, and MCL §339.916, including actual damages, statutory damages, and reasonable attorney fees.

B. Such other and further relief as may be just and proper.

Date: July 5, 2017                                By: */s/   Daniel P. Finley*

                                             Daniel P. Finley (P-65454)
                                             300 North Main Street, Suite 6
                                             Chelsea, MI 48118
                                             Ph. (734) 475-4659
                                             email: dpfinleyesq@comcast.net